UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK COWAN CRUMPLER,

        Petitioner,

v.

WILLIE SMITH,

        Respondent.

Case No. 17-10253
Hon. Terrence G. Berg
Hon. David R. Grand

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION (Dkt. 5) TO DISMISS THE HABEAS PETITION (Dkt. 1) AS UNTIMELY, DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION <u>TO APPEAL IN FORMA PAUPERIS</u>**

Pro se prisoner Jack Cowan Crumpler ("Petitioner") has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1). Petitioner challenges his state conviction for second-degree murder, Mich. Comp. Laws § 750.317. The matter is now before the Court on respondent Willie Smith's motion for dismissal of the petition. (Dkt. 5). Respondent maintains that Petitioner failed to comply with the one-year habeas statute of limitations, 28 U.S.C. § 2244(d). For reasons explained below, the Court

1

agrees that the habeas petition is time-barred. Therefore, Respondent's motion to dismiss the habeas petition is **GRANTED**, and the habeas petition is **DISMISSED** with prejudice.

## I. BACKGROUND

Petitioner was charged with first-degree murder in Wayne County, Michigan. On October 29, 2013, he pleaded guilty in Wayne County Circuit Court to the lesser-included offense of second-degree murder. In return, the prosecution dismissed the first-degree charge and agreed to a sentence of twenty-three to fifty years in prison. In support of his plea, Petitioner stated that he had a fight with his female companion, beat her, and then stabbed her to death. On November 19, 2013, the trial court sentenced Petitioner to a term of twenty-three to fifty years in prison pursuant to the plea and sentencing agreement.

Petitioner alleges that the trial court appointed counsel to represent him on appeal, but that counsel advised him not to appeal his conviction and sentence. Based on that advice Petitioner did not pursue a direct appeal and the time for doing so expired on May 19, 2014, six months after he was sentenced. *See* Mich. Ct. R. 7.205(G)(3)(a) (stating that leave to appeal may not be granted if the appellate application is filed more than six months after entry of a final judgment).

On February 25, 2015, Petitioner, through new counsel, filed a motion for relief from judgment in the state trial court. In that motion he claimed that: (1) he was deprived of his constitutional rights when the trial court failed to establish the requisite factual foundation for accepting his guilty plea; and (2) he was deprived of his constitutional rights to due process and effective assistance of counsel when trial counsel failed to move for a competency hearing. On October 7, 2015, the trial court denied Petitioner's motion for lack of merit and for failure to establish entitlement to relief under Michigan Court Rule 6.508(D)(3). *See People v. Crumpler*, No. 13-6683-01 (Wayne Cty. Cir. Ct. Oct. 7, 2015).[1]

Petitioner appealed the trial court's decision without success. First, the Michigan Court of Appeals denied his application for leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Crumpler*, No. 329546 (Mich. Ct. App. Nov. 25, 2015). Then on September 27, 2016, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Crumpler*, 500 Mich. 864; 885 N.W.2d 244 (2016).

---

[1] The order is dated September 18, 2015. *See* Pet. for Writ of Habeas Corpus, (Dkt. 1, Pg ID 7). However, it was entered on the state court's docket on October 7, 2015. *See* Resp't Mot. for Dismissal of Pet., Appendix B (Dkt. 5, Pg ID 64).

3

On January 18, 2017, Petitioner signed and dated his habeas corpus petition, and on January 25, 2017, the Clerk of the Court filed the petition.[2] Petitioner claims that: (1) the trial court violated his Fifth and Fourteenth Amendment rights by failing to establish the factual foundation for acceptance and conviction of second-degree murder; (2) the trial court deprived him of his Fifth and Fourteenth Amendment rights by sentencing him for second-degree murder; (3) the trial court violated his Fifth and Fourteenth Amendment rights by failing to establish all the elements of second- degree murder; (4) the trial court violated his Fifth and Fourteenth Amendment rights by failing to grant his motion to withdraw his guilty plea; (5) trial counsel deprived him of his Fifth, Sixth, and Fourteenth Amendment rights by failing to move for a competency hearing; (6) trial counsel deprived him of his Fifth, Sixth, and Fourteenth Amendment rights by failing to pursue an insanity defense; and (7) appellate counsel deprived him of effective assistance by failing to pursue a claim that the lack of

[2] "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The Court, therefore, considers the petition filed on January 18, 2017.

4

malice established only involuntary manslaughter. Pet. for Writ of Habeas Corpus (Dkt. 1, Pg ID 2-3).

As noted above, Respondent urges the Court to dismiss the petition as time-barred under the statute of limitations applicable to habeas petitions. Petitioner maintains that his attorneys were the reason for his untimely filing.

## II.  ANALYSIS

### A.  AEDPA'S One-Year Period of Limitation

Respondent's motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitation for state prisoners to file their federal habeas corpus petitions. *Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates:

> **(A)** the date on which the judgment became final by the conclusion ofdirect review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application  created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550-51 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right or on newly discovered facts, and he has not alleged that the State created an impediment to filing a timely petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the applicable subsection here is § 2244(d)(1)(A). Under this subsection, "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme]

> Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Petitioner did not pursue a direct appeal from his conviction and sentence. Therefore, his conviction became final on May 19, 2014, six months after the trial court sentenced him and the deadline for taking an appeal in state court expired. *Id.*; Mich. Ct. R. 7.205(G)(3). Under AEDPA a petitioner in custody pursuant to a state court judgment has one year from the date on which the judgment became final or the time for seeking review of that judgment through direct appeal expired. 28 U.S.C. §2244(d)(1). That statute of limitations for Petitioner's habeas began to run the day after his time to appeal in state court expired—May 20, 2014—and continued to run until February 25, 2015, when Petitioner filed his motion for relief from judgment in the state trial court. *See* 28 U.S.C. §2244(d)(2)(one-year statute of limitations is tolled by a "properly filed application for state post-conviction or other collateral review"). The period from May 20, 2014 (when the judgment became final because the time to appeal expired) until February 25, 2015 (when the motion for relief from judgment stopped

7

the limitations period from running) is 281 days. Thus, when Petitioner filed his motion for relief from judgment, 281 days had run on the statute of limitations. This left 84 days before the statute of limitations would run out (281+84=365). However, the period did not begin to run again until after the motion for relief from judgment had been fully adjudicated. This occurred when the Michigan Supreme Court denied leave to appeal on September 27, 2016. On that day, the statute of limitations began running again, and Petitioner had eighty-four days from September 27, 2016, or no later than December 20, 2016, to file his habeas petition. He did not file his petition until January 18, 2017. Thus, his petition was nearly a month late.

### B. Exceptions to AEDPA's Limitations Period

#### 1. Equitable Tolling

AEDPA's statutory limitation period is not a strict jurisdictional rule; rather, it "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting

8

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(internal quotations omitted).

Petitioner blames his former attorneys for his untimely habeas petition. In his reply to Respondent's motion, Petitioner alleges that he did not seek direct review of his conviction on the advice of the attorney who was appointed to represent him on direct appeal. He asserts that counsel could have timely filed pleadings in the trial court, but failed to do so. *See* Pet'r Reply to Resp't Mot. to Dismiss, pp. 2-3 (Dkt. 6, Page ID 69-70). Petitioner further alleges that the attorney who represented him during state collateral proceedings "on several occasions missed filing deadlines . . . ." *See* Affidavit in Support of Pet. for Habeas Corpus (Dkt. 1, Pg ID 10).

These allegations address only the timing of documents filed in state court; they do not address Petitioner's untimely habeas petition in federal court. Furthermore, Petitioner had eighty-four days in which to file his habeas petition after the state collateral proceedings ended and he was no longer represented by counsel. The fact that Petitioner began proceeding *pro se* after the state proceedings came to an end does not constitute an extraordinary circumstance, nor does it not excuse his late filing in federal court. *Keeling*, 673 F.3d at 464.

Petitioner has failed to show that he was diligent in pursuing his rights and that some extraordinary circumstance stood in his way of filing a timely habeas petition. Therefore, he is not entitled to equitable tolling of the limitations period.

### 2. Actual Innocence

The Supreme Court has held that actual innocence, if proved, may serve as a legal basis that would allow consideration of a habeas petitioner's constitutional claims despite the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare: [A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)(internal quotations omitted).

Petitioner does not claim actual innocence. *See* Pet'r Reply to Resp't Mot. to Dismiss, page 3 (Dkt. 6, Pg ID 70). Consequently, AEDPA's limitation period applies. *See McQuiggin*, 569 U.S. at 394 (stating that "AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made").

While it may seem harsh to reject Petitioner's claims for being "only" one month late, the statute of limitation is a rule of law

adopted by Congress that has very limited exceptions which do not apply to this case. Petitions filed more than one year after any of the four dates specified in the statute may not be considered unless an exception applies. And here no exception applies.

### III. CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

11

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim for the denial of constitutional rights. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies Petitioner leave to appeal *in forma pauperis*, because an appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp.2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Based upon the foregoing, it is **ORDERED** that Respondent's motion for dismissal of the petition for writ of habeas corpus (Dkt. 5) is **GRANTED** and the petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated: March 12, 2018   s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 12, 2018.

s/A. Chubb
Case Manager